# Jacoby's Estate.

*Will—Construction—Distribution.*

Where a testator after expressly stating that he leaves nothing to his widow, gives certain legacies and directs that the balance of his estate shall be held in trust to pay one-fourth of the income thereof to certain beneficiaries, one-eighth thereof to another beneficiary, and the remaining portion to a charity, and the widow elects to take against his will, the charity is not entitled to an amount equal to five-eighths of the income from the balance of the estate, including the widow's share, but is only entitled to five-eighths of the income from the balance of the estate after the widow's share has been deducted.

Argued Nov. 7, 1907. Appeals, Nos. 151, 171 and 207, Oct. Term, 1907, by Saint Peter's Evangelical Lutheran Orphans' Home of Allegheny County, Ethel Jacoby Crane and Mary H. Downs, from decree of O. C. Allegheny Co., Oct. T., 1897, No. 60, dismissing petitions for review in Estate of George T. Jacoby, deceased. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for review.

From the record it appeared that George T. Jacoby, the decedent, died testate, without issue, leaving to survive him his widow, Caroline Jacoby. He left a valuable estate, which he disposed of as follows : One thousand dollars to his executors and trustee, the income to be applied to keeping his cemetery lot in repair ; his library to the Lawrenceville branch of the Y. M. C. A. ; $1,000 to his namesake, George T. J, Folk.

In the fifth, sixth, seventh and ninth paragraphs of his will he provided as follows :

" Fifth. My wife, Caroline Jacoby, having without just cause entirely separated herself from me since 1881, and by every means in her power annoyed and sought to injure me, and willfully neglected and refused to live with me as my wife, and believing that she has forfeited all rights as such, I give and devise nothing more than the law will grant to her under the circumstances, besides this she has received already more than her share of my estate.

" I especially direct my executors at the expense of my estate to contest any claim she may set up, and they must use all legal means and spare no expense in their efforts to defeat any dower or other interest in or to any of my estate, real or personal, that I may die possessed of, or that may be herein mentioned.

" Sixth. The balance of my estate, proceeds of real estate and personal property, I direct my executors to pay the same over unto the Safe Deposit & Trust Company of Pittsburg, as trustee in trust that it will invest the same in first bond and mortgage to be approved by the court, and pay out the net income annually as follows, to wit :

" One-half (reduced to one-fourth by the codicil) to the children of Mary Downs, formerly Mary Goldinger, now residing in Greenville, Mercer county, Pennsylvania, share and share alike to all children that she may have living at the time of any annual distribution. The mother shall be entitled to receive and receipt for the interest of such of her children as shall be under the age of 21 years, provided she uses the same for educating her said children ; her children at the present time are Lois Mary Downs, Inez Martha Downs, Sophia Ethel Downs, Sylvester Dewitt Downs, and John Paul Downs ; as each child arrives at the age of 21 years he or she shall alone receipt for his or her interest, and as each arrives at the age of 27 years the said trustee shall pay to him or her the principal. These legacies not to lapse but go to the surviving children.

" Seventh. I give, devise, and bequeath to Ethel Jacoby, daughter of my brother Frederick, one-eighth of my estate to be held by my said trustee in the same manner and upon

the same conditions as to payment of interest up to 21 years and principal at her arrival at age of 27 years, as provided in the sixth clause.

"Ninth. The remaining portion of my estate is to be invested in mortgages so as aforesaid approved and be known as G. T. Jacoby Protestant Orphan Relief Fund, and the net income arising therefrom paid to the various Protestant orphan asylums and institutions wherein orphans are cared for within the county of Allegheny, but only to such as are strictly under. Protestant management and that teach the Protestant religion, also to the Concordia Home of Butler county, share and share alike.

"If by reason of death any of said legacies should lapse by reason of the death of the legatee before the principal is paid to him or her then his or her share shall be added to the relief fund, excepting only the case of the children of Mary Downs.

"No asylum shall be entitled to its portion until due proof has been made that in it is taught the Protestant religion.

"The principal must not be impaired as it is my desire so far as I am able to establish a permanent relief fund."

The widow elected to take against the will. The court, after deducting the widow's share, distributed one-eighth of the remainder of the estate to the trustee for Ethel Jacoby, one-fourth thereof to the trustee for the children of Mary Downs, and the remainder to the charity. All three of the appellants filed petitions for review.

All the petitions were dismissed in opinions by OVER, J.

The opinion dismissing the petition of the charity was as follows:

In the decree made in this case August 15, 1899, there was distributed to testator's widow one-half of his personalty, and to the Safe Deposit & Trust Company, trustee, one-fourth of the residue for Mary Downs and her children, one-eighth for Ethel Jacoby and five-eighths for the Orphan Relief Fund. The petitioners, two of the beneficiaries under the latter trust, now claim that it was testator's intention to give the Orphan Relief Fund five-eighths of his entire estate, and that the decree should be so modified. If this claim be well founded, as the widow took four-eighths of the personalty and there

were but four-eighths left for distribution, the whole fund for distribution should have been given to the trustee for the Orphan Relief Fund. In the sixth paragraph the testator gave the residue of his estate, after paying debts, pecuniary legacies and satisfying all legal claims of his widow, to a trustee. He then sets apart one-fourth of the trust estate for the Downs's children, one-eighth for Ethel Jacoby, and the remaining portion, viz.: five-eighths for the Orphan Relief Fund. There is surely nothing in the will indicating any intention on the testator's part to give the Orphan Relief Fund five-eighths of his entire estate. His direction in the will that " the principal must not be impaired " refers only to the preservation of the corpus of the gift and not to its amount.

For these and other reasons given in the opinion filed August 15, 1899, the petition must be dismissed.

*Errors assigned* were in dismissing the petition for review.

*Morton Hunter*, for the Saint Peter's Evangelical Lutheran Orphans' Home of Allegheny county.

*James R. Sterrett*, of *Patterson, Sterrett & Acheson*, for Pittsburg and Allegheny Home for Friendless.

*Samuel S. Mehard* and *Q. A. Gordon*, for Mary H. Downs and her children.

*George E. Alter*, with him *G. K. Wright*, for Ethel Jacoby Crane.


PER CURIAM, January 6, 1908 :

In making a division of his estate, after the payment of specific legacies and such share of his estate as his wife might be entitled to notwithstanding his will, the testator evidently had in mind the residue of his estate for distribution, and the shares given were of it, and not of the whole estate of which he died possessed.

The order dismissing the petitions for review is affirmed on the opinion of the learned judge of the orphans' court.